IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00943-RTG

MARCO DUNCAN,

    Applicant,

v.

E. WALTERS, Acting Warden,

    Respondent.

---

**PRELIMINARY RESPONSE**

---

Pursuant to the Court's Order, ECF No. 5, Respondent provides its Preliminary Response to Applicant Marco Duncan's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The Court should dismiss the Application without prejudice because Applicant failed to exhaust his administrative remedies as to the specific relief sought in the Application.

**BACKGROUND**

Applicant is a federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"), at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. *See* Exhibit A, Declaration of P. Klemp ("Klemp Decl.") at 4, ¶8. In the Application, Applicant asserts that the BOP has not properly applied First Step Act time credits ("FTCs") to his sentence. *See* ECF No. 1 at 3-4. Specifically, Applicant asserts that in January 2025, his sentence was reduced via executive clemency from President Biden, and since January 2025, the BOP has failed to calculate or apply FTCs to his sentence. *Id.* He asks the Court to order Respondent to apply

FTCs to his current sentence. *See id.* at 3.

On April 2, 2025, the Court directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. ECF No. 5 at 1.

## I.     The BOP's Administrative Remedy Program.

The BOP maintains a four-step administrative-remedy program that prisoners must exhaust before bringing habeas petitions. *See* 28 C.F.R. §§ 542.10-542.19; *see also* Ex. A, Klemp Decl. at 2-3, ¶3. First, the inmate must attempt informal resolution of his complaint with a BOP staff member ("BP-8"). *See* 28 C.F.R. § 542.13(a). Second, if the informal process does not resolve the issue, the inmate must file an Administrative Remedy Request ("BP-9") with the institution. *See* 28 C.F.R. § 542.14(a). Third, if the inmate is not satisfied with the institution's response to his BP-9, he must file a regional appeal ("BP-10") with the appropriate Regional Director of the BOP. *See* 28 C.F.R. § 542.15(a). Fourth, and finally, if the inmate is not satisfied with the Regional Director's response to his BP-10, inmate must file a national appeal ("BP-11") with the General Counsel of the BOP. *See id.*

Each formal complaint is logged into SENTRY, the BOP's national database that tracks data regarding an inmate's confinement, including administrative remedies. *See* Ex. A, Klemp Decl. at 3-4, ¶7; *see id.* at 1-2, ¶2 n.1. A federal regulation provides deadlines to respond to the inmate at each level and, "[i]f the inmate does not receive a response within the time allotted for reply, including any extension," allows an inmate to "consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. An inmate does not exhaust administrative remedies until he has sought review at each level and received a final decision from the General Counsel (or the time for the General Counsel to respond has expired). *See Garza v. Davis*, 596 F.3d

2

1198, 1204 (10th Cir. 2010).

## II. Applicant did not exhaust his claim through the BOP's Remedy Program.

Applicant did not avail himself of BOP's Administrative Remedy Program before filing this action. *See* Ex. A, Klemp Decl. at 5, ¶¶13-14. More specifically, BOP records confirm that Applicant has filed 163 administrative remedies during his time of incarceration. *See id.* at 4, ¶9. Of those 163 administrative remedies, only one pertains to the calculation of FTCs. *See id.* at 4-5, ¶10. On November 2, 2023, Applicant properly exhausted Administrative Remedy No. 1163252 in which he challenged the BOP's inability to apply FTCs to his sentence because Applicant was—prior to receiving clemency—serving a life sentence and had no release date. *See id.* at 4-5, ¶10; *see also* ECF No. 1 at 2 (Applicant noting that he exhausted Administrative Remedy No. 1163252). Thus, because as of November 2, 2023, Applicant was serving a life sentence with no release date, the BOP was unable to apply any FTCs to Applicant's credit. *Id.*

However, since November 2, 2023, and more specifically since he was granted executive clemency in January 2025 (and thus provided a projected release date), Applicant has not filed *any* administrative remedy at *any* level regarding FTCs before initiating this action. *See id.* at 5, ¶13.

## ARGUMENT

## I. Applicant is required to exhaust his administrative remedies as to the specific claims in the Application prior to bringing suit.

"The exhaustion of available administrative remedies is a prerequisite for [28 U.S.C.] § 2241 habeas relief …." *Garza*, 596 F.3d at 1203. Moreover, this administrative-exhaustion requirement is applicable to habeas grievances involving the First Step Act. *See Marshall v. Hudson*, 807 F. App'x. 743, 749-50 (10th Cir. 2020). "[U]nexhausted claims cannot be brought

3

in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  Requiring proper exhaustion "provide[s] prisons with a fair opportunity to correct their own errors" and "affor[ds] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Woodford v. Ngo*, 548 U.S. 81, 94 (2006).  "The benefits of exhaustion," however, "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."  *Id.* at 95.

"Exhaustion is not some arbitrary hurdle to make it difficult for prisoners to sue." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).  Rather, it serves "the twin purposes of protecting administrative agency authority and promoting judicial efficiency."  *Id.*  "[B]ecause the agency is in a superior position to investigate the facts, judicial intervention is usually deferred until administrative remedies have been exhausted."  *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).  Moreover, "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford*, 548 U.S. at 90-91.

To exhaust, federal prisoners must complete the administrative process required by BOP regulations.  *See Garza*, 596 F.3d at 1203-04 (discussing BOP regulations and required informal and formal process).  In other words, an inmate exhausts only by properly following each step in BOP's Administrative Remedy Program.  *See Woodford*, 548 U.S. at 91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.").

Importantly, a general grievance will not ordinarily suffice to exhaust a specific claim, "[n]or does a grievance exhaust administrative remedies for all future complaints of the same general type."  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) ("A

4

grievance obviously cannot exhaust administrative remedies for claims based on events that have not yet occurred.  Nor does a grievance exhaust administrative remedies for all future complaints of the same general type."), *abrogated on other grounds by Jones*, 549 U.S. 199.

For example, in *Herrera v. County of Santa Fe*, 79 F. App'x. 422, 424 (10th Cir. 2003), the Tenth Circuit rejected an argument that earlier grievances excuse the failure to take advantage of a prison's procedures for redressing any separate claims based on a new incident:

> The PLRA requires prisoners to exhaust administrative remedies in order to allow prisons to address specific complaints internally and thus obviate the need for litigation, to filter out some frivolous claims, and to create an administrative record that would help resolve complaints that are ultimately brought to court.... These purposes would be frustrated were we to agree with Herrera that a prisoner who has previously complained of abuse somehow has a free ticket to bring similar complaints in the future based on wholly separate incidents without complying with the prison's internal grievance process.

*See also Palozie v. Pugh*, 118 F. App'x. 478, 480 (10th Cir. 2004) (finding failure to exhaust where the inmate's grievances addressed issues which did not "match with specificity the claims raised" in the complaint).

Ultimately, "[t]he burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." *Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009) (quoting *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981)); *see also Pinson v. Berkebile*, 604 F. App'x 649, 654 (10th Cir. 2015).[1]

---

[1] Some unpublished Tenth Circuit case law suggests that the burden is "on the government to prove the affirmative defense of exhaustion," *Acosta v. Daniels*, 589 F. App'x 870, 873 (10th Cir. 2014), and, "[o]nce a defendant proves that [a petitioner] failed to exhaust," is then "on the [petitioner] to show that remedies were unavailable to him," *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (applying exhaustion burdens under the Prison Litigation Reform Act). Regardless of the burden applied, Applicant has not exhausted his administrative remedies.

**II.     Applicant did not exhaust his administrative remedies as to the specific relief sought in the Application.**

Applicant did not exhaust his administrative remedies as to the specific relief sought in the Application. *See* Ex. A, Klemp Decl. at 5, ¶¶13-14. Here, Applicant seeks an Order requiring the BOP to apply FTCs to reduce his sentence after he received executive clemency in January 2025. *See* ECF No. 1 at 5. As noted above, the only administrative remedy Applicant filed as to FTCs was Remedy No. 1163252. *See* Ex. A, Klemp Decl. at 4-5, ¶10. Applicant exhausted that remedy on November 2, 2023, approximately 14 months prior to his January 2025 clemency. *Id.*

Importantly, Remedy No. 1163252 was denied by the BOP because, at that time, Applicant was serving a life sentence and had no release date, and FTCs were not available to reduce a sentence for an inmate serving a life sentence. *See id.* at 4-5, ¶10. But that changed for Applicant in January 2025 when he received clemency from President Biden.

Since that time in January 2025, Applicant has not filed *any* administrative remedy at *any* level regarding FTCs before initiating this action. *See id.* at 5, ¶13. Plaintiff's previous administrative remedy in November 2023 could not have exhausted his current claim that he is now entitled to FTCs given the significantly evolved factual landscape that occurred after Plaintiff received clemency in January 2025. *See Ross*, 365 F.3d at 1188; *Herrera*, 79 F. App'x. at 424; *Johnson v. Dash*, No. 12-cv-02400-REB-KMT, 2014 WL 4821551, at *22 (D. Colo. Sept. 29, 2014) (an administrative remedy "cannot exhaust administrative remedies for claims based on events that have not yet occurred.") (citation omitted).

Moreover, Plaintiff's administrative remedy that was exhausted in November 2023 did not (and could not) "match with specificity the claims raised" in the Application here because, at

6

that time, Applicant was ineligible to have FTCs applied to reduce his sentence.  *See Palozie*, 118 F. App'x. at 480; *see also Sayed v. Profitt*, 415 F. Appx 946, 949 n.4 (10th Cir. 2011) (prisoner who had raised and exhausted the issue of a right to perform partial ablution did not also raise the issue of a right to perform full ablution, despite the similarity of the issue).

Put differently, despite any potential similarity of issues, Applicant has not provided the BOP with an opportunity "to correct their own [alleged] errors" nor afforded "corrections officials time and opportunity to address complaints internally before [] the initiation of a federal case."  *See Woodford*, 548 U.S. at 94; *Barnes v. Allred*, 482 F. App'x 308, 312 (10th Cir. 2012) (a grievance must "provide enough information for officials to investigate and address the actual issue raised in his civil complaint.").  Applicant has not exhausted his habeas claim as to the availability of FTCs after he received clemency in January 2025.

## CONCLUSION

Because Applicant failed to exhaust administrative remedies before filing suit, the Application should be dismissed without prejudice.  *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (dismissal of unexhausted claims should be without prejudice).

Dated:  April 23, 2025.                                   Respectfully submitted,

J. BISHOP GREWELL
Acting United States Attorney

s/ Andrew M. Soler
**Andrew M. Soler**
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0100
Email: Andrew.Soler@usdoj.gov
Counsel for Respondent

7

# CERTIFICATE OF SERVICE

       I hereby certify that, on April 23, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, and caused the foregoing to be sent to the following individual(s) via U.S. mail:

Marco Duncan
#37679-048
FLORENCE ADMAX
U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
FLORENCE, CO 81226
PRO SE

                                             s/ Andrew M. Soler
                                             ***Andrew M. Soler***
                                             United States Attorney's Office