UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 05 2025
JEFFREY P. COLWELL
CLERK

MARCO DUNCAN

Civil Action No. 25-cv-00943-RTG

v.

E. WALTERS, Acting Warden

REPLY TO PRELIMINARY RESPONSE

Applicant Duncan provides his Reply to Respondent's Preliminary Response, ECF No. 9, pursuant to the Court's Order, ECF No. 5. Duncan contends that Respondent's failure to exhaust administratives remedies argument is without basis or merit as follows:

1. As a preliminary matter, Respondent's specious assertion that Duncan's claim is that "the BOP has not properly applied First Step Act time credits," ECF No. 9 at 1, grossly misrepresents the facts and basis for the instant petition. Duncan's claim has consistently been that the BOP has either failed or refused to "calculate" or "award" earned Federal Time Credits ("FTC's") to him. (See ECF No. 9-1 at 98-104). Respondent's own evidence conclusively establishes the point. See Id. Thus, there can be no controversy regarding the specific claim raised and exhausted in administrative Remedy No. 1163252. See ECF No. 9 at 3.

2. Respondent's argument that Duncan "did not exhaust his administrative remedies as to the specific relief sought in the Application," ECF No. 9 at 6, has no basis in fact and is otherwise without merit. Contrary to Respondent's argument, Duncan did not seek "an Order requiring the BOP to <u>apply</u> FTC's to reduce his sentence". Id. Duncan specifically requested the Court "order the BOP to promptly <u>calculate</u> and <u>award</u> Duncan's earned Federal Time Credits" (See ECF No. 1 at Section F Request for Relief). Moreover, Duncan made the exact same request for relief in administrative Remedy No. 1163252. (See ECF No. 9-1 at 100-104). The claim at issue remains the same, and that is the BOP's failure to <u>calculate</u> or <u>award</u> Duncan's FTC's. The BOP had an affirmative duty to <u>calculate</u> and <u>award</u> Duncan's earned FTC's both before and after the grant of clemency, therefore, the fact that clemency was granted has no bearing on the merits of the claim asserted. To date, the BOP has failed to calculate or award Duncan's earn FTC's. Thus, the claim has been fully exhausted and is now ripe for adjudication.

## ARGUMENT

"[I]nmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." <u>Porter v. Nussle</u>, 534 U.S. 516, 524-25, 152 L. Ed 2d 12 (2002). Here, Duncan's administrative remedies clearly stated his complaint as well as the relief

sought. (See ECF No. 9-1 at 98-104). The BOP understood and considered each of Duncan's grievances and denied Remedy No. 1163252 at every level. (See Id.). "[A] grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmates complaint internally." Kikumura v. Osagie, 461 F.3d 1269, 1285 (10th Cir. 2006).

The BOP's rationale for denying Remedy No. 1163252, and refusing to calculate or award Duncan's earned FTC's, go to the merits of the claim asserted, which the Court expressly directed Respondent not to address. (See ECF No. 5 at 1). Additionally, the Respondent's Preliminary Response and Declaration improperly substitutes the words "apply", "applied", or "applying", in place of the words calculate or award specifically used by Duncan in support of his claim. (See ECF No. 9 at 1,3,6-7; 9-1 at 5-6). Duncan's claim has always been to have the BOP calculate and award his earned FTC's. Thus, Duncan has properly exhausted the claim raised in his §2241 Petition.

Last, for the sake of argument, requiring Duncan to exhaust an Administrative Remedy to have FTC's "applied" would be futile. See Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005). Under Duncan's circumstances, the BOP cannot apply FTC's until it first fulfills its duty to calculate and award the FTC's. (See 18 U.S.C. § 3632(d)(4); 28 C.F.R. § 523.41; BOP P.S. 5410.01).

Given the facts, there is a strong probability that, after calculating and awarding Duncan's earned FTC's, the BOP will on its own recognize its obligation to then apply those FTC's in a manner consistent with applicable statutory and regulatory directives.

## CONCLUSION

Because Duncan has properly exhausted administrative remedies for the claim raised in his Petition, the Respondent should be ordered to file an expedited response that addresses the petition on the merits. Furthermore, the Respondent should be ordered not to remove Duncan from the jurisdiction of this Court for purposes of mooting the litigation.

Respectfully submitted
April 28, 2025

MARCO DUNCAN
#37679-048
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO. 81226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MARCO DUNCAN

Civil Action No. 25-cv-00943-RTG

v.

E. WALTERS, Acting Warden

DECLARATION OF MARCO DUNCAN

I, Marco Duncan, pursuant to 28 U.S.C. § 1746, and based on my personal knowledge, hereby declares as follows:

1. On May 17, 2023, I initiated Administrative Remedy #1163252. Said remedy was based on the BOP's failure to calculate or award my Federal Time Credits ("FTC's"), duly earned pursuant to the First Step Act ("FSA"). Remedy #1163252 was denied on each level and otherwise fully exhausted. The BOP has no official policy or regulation which permits it to refuse to calculate or award FTC's to eligible inmates meeting applicable criteria like myself. Since the filing of Remedy #1163252 and up to date, the BOP has failed to calculate or award my earned FTC's as required by 18 U.S.C. § 3632(d)(4).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 28th day of April, 2025 in Florence, Colorado.

MARCO DUNCAN
#37679-048

## CERTIFICATE OF SERVICE

I hereby certify that, on April 29, 2025, the foregoing was deposited in the legal mailbox (prison) at Florence, Colorado, postage prepaid First-Class addressed to:

J. Bishop Grewell
Assistant United States Attorney
1801 California St., Suite 1600
Denver, CO. 80202

                              MARCO DUNCAN
                              #37679-048

MARCO DUNCAN
#37679-048
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO. 81226

4-29-2025

Legal Mail

FEDERAL PRISON CAMP
P.O. BOX 8500
FLORENCE, COLORADO 81226

APR 30 2025

DATE: _____

"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosures correspondence for forwarding to another addressee, please return the enclosure to the above address.

Office of the Clerk
United States District Court
901 - 19TH ST, Room A105
Denver, CO. 80294-3589

DENVER CO 812
2 MAY 2025 PM 4 L

80294-250151

